*30*

*R# 39730*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------x

ALIXPARTNERS, LLC,

                                    Petitioner

vs.

RICHARD MARCONI

                                    Respondent

------------------------------------------------------------x

Case: 2:08-mc-50638
Judge: Edmunds, Nancy G
MJ: Majzoub, Mona K
Filed: 06-27-2008 At 10:34 AM
MISC: ALIXPARTNERS LLC V. MARCONI (
NH)

## MOTION TO CONFIRM ARBITRATION AWARD

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, based upon the award of the Arbitrators, as provided in the attached documents, Petitioner requests that the Court confirm the arbitration award as a judgment and enter judgment against the Respondent in the amount of $454,531.38, plus interest at the judgment rate allowed under Michigan law from the date of filing of the claim in the arbitration to the payment of the judgment.

## Jurisdictional Statement

Jurisdiction is based upon diversity of citizenship and amount in controversy. Petitioner is a Delaware limited liability company with its principal place of business located in Southfield, Michigan.  Respondent is an individual and citizen of California. The amount in controversy exceeds the sum of $75,000 exclusive of interest, costs and

attorneys fees.

Respectfully submitted

Dated: June 27, 2008

SHELDON S. TOLL PLLC

By:_____s/ S. S. Toll_____

     Sheldon S. Toll (P21490)
Attorneys for Petitioner
2000 Town Center, Suite 2100
Southfield, MI 48075
Tel. (248) 351-5480
E-mail LawToll@comcast.net

## **DECLARATION**

Pursuant to 28 U.S.C. § 1746, Sheldon S. Toll makes this declaration and states:

1. I am the attorney for the Petitioner, AlixPartners, LLC.

2. An arbitration award was issued on June 26, 2008 by an arbitration panel of the American Arbitration Association in Southfield, Michigan.  An exact copy of this award is attached to this declaration as Exhibit A.

3. This arbitration involved the following parties: AlixPartners, LLC, as Claimant, and Richard Marconi, as Respondent.  These parties signed and agreed to this arbitration as evidenced by an arbitration clause, Section 6 of the General Terms and Conditions, of the agreement dated March 16, 2006, attached to this declaration as Exhibit B.

4. The arbitration award was obtained pursuant to the agreement of the parties, the Commercial Arbitration Rules of the American Arbitration Association, and the law.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____ s/S.S. Toll_____ .
                          Sheldon S. Toll

Executed this 27th day of June, 2008 at Southfield, Michigan.

# EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

_____/

ALIXPARTNERS, LLP, SUCCESSOR TO ALIXPARTNERS, LLC

     Claimant,

against                           Case No. 54 181 00548 07

RICHARD MARCONI,

     Respondent.

_____/

### ARBITRATORS' OPINION

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated March 16, 2006, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

AlixPartners, LLC, Claimant, filed a claim against Richard Marconi, Respondent, to recover fees and expenses totaling $398,913.87 for expert witness services performed by Claimant. Respondent disputes that he owes any money to Claimant. Both parties seek their attorney fees and costs.

### The Hearing

A hearing was held on May 1, 2008 at the offices of the American Arbitration Association in Southfield, Michigan. Sheldon S. Toll appeared on behalf of the Claimant and Jonathan Barry Sexton appeared on behalf of Respondent. In its case in chief, Claimant presented the testimony of Duross O'Bryan and introduced a number of exhibits, including a voicemail and transcription of the voicemail allegedly received from

Respondent.  During his case in chief, Respondent offered the affidavits of Respondent and Mark Frazier, one of Respondent's lawyers, but did not offer any live testimony.  In its rebuttal case, Claimant offered the testimony by telephone of Robert Dawson, the attorney who represented Paul Buxbaum, a co-defendant with Respondent in the lawsuit for which Claimant provided expert witness services.

### Findings of Fact

The following findings of fact are based on the evidence presented at the hearing:

1.     Claimant and Respondent's attorney signed an engagement letter (the "Agreement") for Claimant's expert witness services;

2.     Respondent received and accepted the benefit of the services of Claimant;

3.     Respondent did not, and does not, complain about the quality of Claimant's services; and

4.     Respondent left a voice mail stating that he would be paying the entire amount owing to Respondent.  In this regard, Respondent did not introduce any credible evidence that he did not leave the voicemail introduced by Claimant.

### Jurisdiction

Respondent has challenged the jurisdiction of the arbitration panel.  In this regard, because the parties' arbitration clause does not clearly provide otherwise, "the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Technologies, Inc v Communications Workers of America, et al.*, 475 US 643 (1986).  In this matter, Respondent was advised to seek a determination from

2

the court if he wished to challenge the jurisdiction of the arbitration panel.  Respondent did not pursue a court action to determine whether arbitration was appropriate, even though he filed a complaint with a court in California.  Accordingly, because no court has ruled that the arbitration panel does not have jurisdiction, and in light of the parties agreement that any "controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration", this arbitration panel has jurisdiction to decide the issues presented to it.

In this regard, Respondent argues that his attorney had no authority to bind him to the arbitration clause contained in the Agreement under California law.  However, the Agreement provides that it "is governed by and construed in accordance with the laws of the State of Michigan".  Under California law, Respondent is bound by his lawyer's agreement as to forum selection. *Zurich General Accident & Liability Ins Co v Kinsler,* 12 Cal 2nd 98 (1938).    Moreover, a Michigan choice of law provision in enforceable under California law because the State of Michigan has a substantial relationship to the parties and Michigan law is not contrary to any fundamental policy of California. *Nedlloyd Lines v Superior Court, 3 Cal 4th 459 (1992).*

Finally, based on the evidence presented at the hearing, Respondent ratified his attorney's authority to enter into the Agreement by accepting the benefits of Claimant's services without objection and leaving a voicemail that he would pay the full amount owed.  See, e.g. *Navrides v Zurich Ins Co,* 5 Cal 3rd 698 (1971) and cases cited in Claimant's Brief.

**Liability**

The Agreement is unambiguous with respect to joint and several liability.  The Agreement provides that:

> Mr. Marconi and Mr. Buxbaum each will be responsible for payment directly to AlixPartners of all expert fees and costs as they are invoiced.  As between them, Mr. Marconi and Mr. Buxbaum have agreed to each pay one half of such fees and costs.   AlixPartners' statements shall be sent to legal counsel for Mr. Marconi and Mr. Buxbaum for transmittal to their respective client, and each statement shall set forth Mr. Marconi's share and Mr. Buxbaum's share of the amounts due.

The language in the Agreement is clear that Mr. Marconi and Mr. Buxbaum are jointly and severally liable to Claimant, but as between the two of them, they have agreed to each pay one half of Claimant's fees and costs, and Claimant has agreed to provide an accommodating service in splitting the invoices between them.  Accordingly, under Michigan law, as well as California law, because the Agreement imposes joint and several liability on Mr. Marconi and Mr. Buxbaum, Mr. Marconi is bound by the Agreement, even though Mr. Buxbaum did not sign the Agreement.  See, e.g., *Pacific Mill & Timber Co v Massachusetts Bonding and Ins Co*, 192 Cal 278 (1923).  In this regard, Respondent did not submit sufficient or credible evidence to support his claim that it was his intention that the Agreement be binding only if fully executed by all parties.  Nor did Respondent submit sufficient or credible evidence of a fraud claim and he did not even raise a fraud issue before or at the hearing.

Additionally, Respondent's argument that he is not responsible for any of Claimant's fees or expenses for services rendered before the Agreement was signed has no merit.  Although the Agreement does state that Claimant "will commence this

4

engagement immediately upon receipt of a signed engagement letter", the fact of the matter is that Claimant did provide services for the benefit of Respondent before the Agreement was signed, and Respondent received and accepted the benefit of those services.  In this regard, Claimant submitted evidence that Claimant needed to begin work without a signed Agreement because a trial was imminent.  It is not unusual in these circumstances for services to be performed before the Agreement is signed.  Moreover, Claimant submitted evidence that the work performed by Claimant after the Agreement was signed was dependent upon the work performed before the Agreement was signed.

Based on the foregoing, Respondent breached its contract with Claimant by failing to pay $398,913.87 for services rendered by Claimant for the benefit of Respondent.  Even if a contract did not exist, Respondent would still be liable to Claimant for $398,913.87, because he accepted beneficial services from Claimant for which compensation is customarily made and naturally anticipated under implied contract and unjust enrichment theories.  See, for example, *Miller v Stephens*, 224 Mich 626 (1923) and *Arcade County Water District v Arcade Fire District*, 6 Cal App 3rd 232 (1970).

### Final Award

Claimant is awarded THREE HUNDRED NINETY EIGHT THOUSAND NINE HUNDRED THIRTEEN DOLLARS AND EIGHTY SEVEN CENTS ($398,913.87), plus interest at the judgment rate allowed under Michigan law from the date of filing of the claim in this arbitration to the payment of this judgment, plus Mr. Toll's attorney fees in the amount of $32,805.51.

The administrative fees of the American Arbitration Association totaling $6,150.00 and the compensation of the arbitrators totaling $32,401.25 shall be borne by Respondent. Therefore, Respondent shall reimburse Claimant the sum of $22,812.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

_____
Date

_6/25/08_
Date

_____
Eugene I. Farber, Esq.

_____
Edward H. Pappas, Esq.

I, Eugene I. Farber, Esq., do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_____
Date

_____
Eugene I. Farber, Esq.

I, Edward H. Pappas, Esq., do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_6/25/08_
Date

_____
Edward H. Pappas, Esq.

6

The administrative fees of the American Arbitration Association totaling $6,150.00 and the compensation of the arbitrators totaling $32,401.25 shall be borne by Respondent.  Therefore, Respondent shall reimburse Claimant the sum of $22,812.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration.  All claims not expressly granted herein are hereby, denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.



| ___6/25/08___ | |
| Date | Eugene I. Farber, Esq. |

| _____ | |
| Date | Edward H. Pappas, Esq. |

I, Eugene I. Farber, Esq., do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

| ___6/25/08___ | |
| Date | Eugene I. Farber, Esq. |

I, Edward H. Pappas, Esq., do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

| _____ | |
| Date | Edward H. Pappas, Esq. |

6

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

ALIXPARTNERS, LLP, SUCCESSOR TO ALIXPARTNERS, LLC

      Claimant,

against                                            Case No. 54 181 00548 07

RICHARD MARCONI,

      Respondent.

## Dissent

    Under the cases cited by the parties, it appears that the arbitration clause in the contract would not be enforceable under California law without proof that counsel for the Respondent that signed the contract had the express consent of the Respondent to agree to arbitration and thereby waive the right to a jury trial. Michigan law is not clear on this point, and the Claimant has the burden of proof on this issue. The majority opinion concludes that express client consent for such a waiver is not required under Michigan law. Thus, the question of governing law is critical.

    The majority opinion also concludes that the panel has jurisdiction to conduct the arbitration because arbitration is selected in the contract, the contract selects Michigan law and California law would respect the choice of Michigan law.

    My dissent is based on the general rules of conflicts of laws as adopted by California, Nedlloyd v. Superior Court, 3 Cal. 4th 459 (1992). Nedlloyd adopts the Restatement of Conflicts of Laws rules governing choice of law selection clauses. The selection of Michigan law should not be honored and Michigan law should not be

applied under <u>Nedlloyd</u> for two reasons.   First, there is no proof of a substantial relationship of the transaction or the parties to Michigan.   The record is devoid of any reference to any relationship of the parties or transaction to Michigan.   Second, Michigan law on waiver of trial by jury, if it is as argued by Claimant, is contrary to the fundamental and constitutional policy of California of protecting a party's right to a jury trial.   Thus, the use of Michigan law as selected by the contract to validate the arbitration clause in the contract is not appropriate.

Instead, California law should be adopted under <u>Nedlloyd</u>.   As the selection clause in the contract fails, the choice of law is dependent upon the relationship of the competing states to the parties and the contract.   Based on the record, all contacts are with California.   The contract was negotiated by California parties and performed by California parties in California.   As mentioned, California law requires a showing of consent.   Respondent has the burden of proof.   The evidence does not support a finding that Respondent authorized his counsel to agree to arbitration.   Thus, the panel has no basis to apply Michigan law, and, under California law, no basis for jurisdiction.

The majority also finds that the panel has jurisdiction under California law because Marconi ratified the contract (and thus either the selection of Michigan law and/or the arbitration clause) by leaving a voice mail that he would pay the full amount owed and by accepting benefits of the contract without objection.   The acceptance of benefits of the contract could constitute a ratification, and it is California law that a party cannot accept the benefits of a contract but not the liability.   But, a party can only ratify, including by acceptance of benefits, what the party knows.   This is confirmed by Restatement (Second) of Agency §96 (Illustration 3).   California cases are in accord,

2

Hildebrand v. Beck, 196 Cal. 141 (1925) (no ratification without "previous knowledge of all of the material facts"); Price v. McConnell, 184 Cal. App. 2d 660 (1960) (ratification found "with full knowledge of all the material facts"). There is no showing that at the time the benefits were bestowed that Marconi knew of the arbitration clause.

When the demand for arbitration was filed and served, Marconi's counsel promptly filed an objection to jurisdiction and continued his objection throughout the proceeding. Under the AAA Manual for Commercial Arbitrators, Appendix, Commercial Dispute Resolution Proceeding Section R-8 (1999) the determination of jurisdiction can be made as part of the decision after a hearing. California law is not in conflict and permits subsequent litigation to challenge jurisdiction. Blanton v. Womancare, Inc., 38 Cal. 3rd 396 (1985). Because the court is the ultimate "gatekeeper" and ultimate determinator as to whether a party is to be deprived of a jury trial, there is a risk in proceeding with arbitration when an objection to jurisdiction is raised. Once an objection is raised, either party can eliminate that risk by filing for a declarative judgment that the panel has or does not have jurisdiction. Otherwise, the risk remains. The continuing nature of this risk is especially appropriate when a fundamental and constitutional right to a jury trial is at issue. Blanton, supra.

In the absence of jurisdiction the claim should be dismissed.

6/25/08
Date

James C. Bruno

I, James C. Bruno, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

6/25/08
Date

James C. Bruno

3

# EXHIBIT B



**RUTAN**
ATTORNEYS AT LAW

Mark B. Frazier
Direct Dial: (714) 662-4623
E-mail: mfrazier@rutan.com

March 23, 2006

**VIA FACSIMILE AND
FIRST CLASS MAIL**

J. Duross O'Bryan
Managing Director
AlixPartners, LLC
1999 Avenue of the Stars
Suite 2000
Los Angeles, CA 90067

      Re:    *NZMP (USA), Inc., et al. v. Richard C. Marconi, et al.*

Dear Mr. O'Bryan:

      You will find enclosed the engagement letter executed by me on behalf of Richard Marconi. I look forward to speaking with you about the engagement.

                  Sincerely,

                  RUTAN & TUCKER, LLP

                  Mark B. Frazier

MBF:km
Enclosure
cc:     Robert Dawson, Esq.

**EXHIBIT**

2

Rutan & Tucker, LLP | 611 Anton Blvd, Suite 1400, Costa Mesa, CA 92626
PO Box 1950, Costa Mesa, CA 92628-1950 | 714-641-5100 | Fax 714-546-9035
Orange County | Palo Alto | www.rutan.com

093/021145-0001
695444.01 a03/23/06



Chicago  Dallas  Detroit  Dusseldorf  London  Los Angeles
New York  Milan  Munich  Paris  San Francisco  Tokyo

*Original sent
to Patti Luchin
3/31/06*

March 16, 2006

Robert Dawson, Esq.
Fulbright & Jaworski
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071

Mark Frazier, Esq.
Rutan & Tucker
611 Anton Blvd., 14th Floor
Costa Mesa, CA 92626

        *Re:*    Global Health Science v. Richard Marconi, et al.

Dear Messrs. Dawson & Frazier:

This letter outlines the understanding ("Agreement") between AlixPartners, LLC, a
Delaware limited liability company ("AlixPartners") and Fulbright & Jaworski and Rutan &
Tucker (the "Firms") regarding Paul Buxbaum and Richard Marconi (the "Clients"). We
have been requested by Fulbright & Jaworski and Rutan & Tucker to provide professional
services related to the above matter and will act under the firms' direction as to the scope
of our work, which will consist of collecting and analyzing facts in this matter. While
our work may involve analysis of accounting, business and other related records, our
engagement does not include an audit in accordance with generally accepted auditing
standards.

Any opinions offered shall be based solely on J. Duross O'Bryan and Bruce DenUyl's
judgment.

All defined terms shall, unless the context otherwise requires, have the meanings ascribed to
them in Schedule 1 ("Definitions and Interpretation").



AlixPartners
ǀ *Change the outcome.*

Robert Dawson, Esq.
Mark Frazier, Esq.
March 16, 2006
Page 2

---

| STAFFING |
|---|

J. Duross O'Bryan will be the Managing Director responsible for the overall engagement. Our team will include additional AlixPartners staff who will work under the direction of Mr. O'Bryan and Mr. DenUyl.

| TIMING, FEES AND RETAINER |
|---|

We will commence this engagement immediately upon receipt of a signed engagement letter.

Our fees for this engagement will be based on the hours worked by the personnel at various levels, at rates applicable to each, as set forth in Schedule 2 attached hereto.
In addition to the fees described above, our bills will include any out-of-pocket expenses incurred in connection with this engagement as described in Section 1 of the attached General Terms and Conditions.

Our fees are not contingent upon the final results or outcome of this engagement, and we do not warrant or predict results or final developments in this matter. We understand that this engagement is in connection with litigation related to Global Health Science v. Richard Marconi, et al., and that Paul Buxbaum and Richard Marconi, defendants in this matter, will be responsible for paying fees and costs incurred under this Agreement.

Mr. Marconi and Mr. Buxbaum each will be responsible for payment directly to AlixPartners of all expert fees and costs as they are invoiced. As between them, Mr. Marconi and Mr. Buxbaum have agreed to each pay one half of such fees and costs. AlixPartners' statements shall be sent to legal counsel for Mr. Marconi and Mr. Buxbaum for transmittal to their respective client, and each statement shall set forth Mr. Marconi's share and Mr. Buxbaum's share of the amounts due.

The terms and conditions set out in the attached Schedules and the General Terms and Conditions form part of and are incorporated by reference herein to this Agreement.

Thank you for allowing us to assist you in this matter. If this letter correctly states our arrangements, please sign one copy on behalf of your clients and return it to me. If you

# AlixPartners

{ *Change the outcome.*

Robert Dawson, Esq.
Mark Frazier, Esq.
March 16, 2006
Page 3

have any questions or if I can provide any additional information, please call me at your
convenience.  My direct dial is 310-228-6450.

We look forward to working with you.

Sincerely yours,

ALIXPARTNERS, LLC

J. DuRoss O'Bryan
Managing Director

Acknowledged and Agreed to:

FULBRIGHT & JAWORSKI


By: _____          Date: _____


Acknowledged and Agreed to:

RUTAN & TUCKER

By: _____          Date: 3/23/06

SCHEDULE 1

DEFINITIONS

Affiliate | Affiliates of AlixPartners include AP Services, LLC, a company that provides temporary employees, AlixPartners Asia, LLC, AlixPartners Ltd., AlixPartners GmbH and AlixPartners S.r.l., which are financial advisory and consulting firms, The System Advisory Group, providing information technology services, Partnership Services, LLC, a company that provides temporary employees, and the Questor funds, which are private equity funds that invest in special situations and under-performing companies;

Agreement | the terms and conditions set out in this letter;

Confidential Information | all written information and materials which are marked confidential or which are by their nature clearly confidential obtained under or in connection with this Agreement other than:

- any information which is already in the public domain otherwise than as a result of a breach of this Agreement;

- any information which was rightfully in the possession of a Party prior to the disclosure by the other Party and acquired from sources other than the other Party; or

- any information obtained from a third party who is free to divulge such information;

Expenses | costs and expenses which are incurred by AlixPartners, its affiliates and their respective personnel in the performance of the Services, as more particularly described in Schedule 2;

Fees | the fees payable by the Clients to AlixPartners in accordance with Schedule 2;

General Terms and Conditions | the terms and conditions attached to and forming part of this Agreement;

Party or Parties | a party or the parties to this Agreement (as the case may be);

Personnel | directors, officers, employees, agents, contractors and sub-contractors;

Schedules

the schedules attached to and forming part of this Agreement, as such schedules may be amended from time to time in accordance with this Agreement;

Services

the services to be provided by AlixPartners under this Agreement; and

Termination Date

the date on which this Agreement shall terminate.

SCHEDULE 2

FEES AND EXPENSES

1.  Hourly Fees:  This engagement will be staffed with professionals at various levels as the tasks
    require.  For purposes of monthly billings, our fees will be based on the hours charged at our
    discounted hourly rates, which are:

    | | |
    |---|---|
    | Managing Director | $450 |
    | Directors | $375 |
    | Vice Presidents | $325 |
    | Associates | $250 |
    | Analysts | $150 |
    | Paraprofessionals/Admin | $125 |

2.  Out-of-Pocket Expenses:  In addition to the fees set forth above, the Clients shall pay directly
    or reimburse AlixPartners upon receipt of periodic billings for all reasonable out-of-pocket
    expenses incurred in connection with this assignment as set forth in Section 1 of the attached
    General Terms and Conditions.

3.  Retainer:     AlixPartners does not require a Retainer in connection with this engagement.

# ALIXPARTNERS, LLC
## GENERAL TERMS AND CONDITIONS

These General Terms and Conditions ("Terms") shall govern the services provided by AlixPartners, LLC ("AlixPartners") as set forth in the Agreement executed by the Firms and AlixPartners to which these Terms are attached.

### Section 1. Timing, Fees, and Expenses.

We will commence this engagement upon receipt of a signed engagement letter.

**Hourly Fees.** For purposes of monthly billings, our fees will be based on the hours charged at our hourly rates as set forth in the Agreement. We review and revise our hourly billing rates effective January 1 of each year.

**Out-of-Pocket Expenses.** In addition to hourly fees as defined in the Agreement, the Clients shall pay directly or reimburse AlixPartners upon receipt of periodic billings for all reasonable out-of-pocket expenses incurred in connection with this assignment such as travel, lodging, postage, and a communications charge of $4.00 per billable hour to cover telephone and facsimile charges.

**Retainer.** We require a retainer to be applied against the Fees and Expenses specific to the engagement. The retainer will be applied to our final invoice for services rendered. Any unearned portion of the retainer will be returned to you at the termination of the engagement.

**Payment.** All payments to be made by the Clients to AlixPartners under this Agreement shall be payable upon receipt of invoice via check or wire transfer to AlixPartners' bank account, the details of which are as follows:

| | |
|---|---|
| Receiving Bank: | Comerica Bank |
| | ABA #072000096 |
| Receiving Account: | AlixPartners, LLC |
| | A/C #1851-765386 |

### Section 2. Relationship of the Parties.

The parties intend that an independent contractor relationship will be created by this Agreement. AlixPartners is not to be considered an employee or agent of the Firms and the employees of AlixPartners are not entitled to any of the benefits that the Firms provides for the Firms' employees.

### Section 3. Confidentiality.

AlixPartners agrees to keep confidential all information obtained from the Clients. AlixPartners agrees that neither it nor its directors, officers, principals, employees, agents or attorneys will disclose to any other person or entity, or use for any purpose other than specified herein, any information pertaining to the Clients or any affiliate thereof which is either non-public, confidential or proprietary in nature ("Information") which it obtains or is given access to during the performance of the services provided hereunder. AlixPartners may make reasonable disclosures of Information to third parties in connection with their performance of their obligations and assignments hereunder. In addition, AlixPartners will have the right to disclose to others in the normal course of business its involvement with the Clients.

Information includes data, plans, reports, schedules, drawings, accounts, records, calculations, specifications, flow sheets, computer programs, source or object codes, results, models, or any work product relating to the business of the Clients, their subsidiaries, distributors, affiliates, vendors, customers, employees, contractors, and consultants.

The Firms acknowledges that all advice (written or oral) given by AlixPartners to it in connection with AlixPartners' engagement is intended solely for the benefit and use of the Firms in considering the services to which it relates. The Firms agree that no such advice shall be used for any other purpose or reproduced, disseminated, quoted, or referred to at any time, in any manner, or for any purpose other than accomplishing the services referred to in the Agreement without AlixPartners' prior approval (which shall not be unreasonably withheld) except as required by law.

### Section 4. Framework of the Engagement.

The Firms acknowledge that it is hiring AlixPartners purely to assist and advise it as described in the Agreement. AlixPartners' engagement shall not constitute an audit, review, or compilation, or any other type of financial statement reporting or consulting engagement that is subject to the rules of the AICPA, the SSCS or other such state and national professional bodies.

### Section 5. Disclosures.

We know of no fact or situation that would represent a conflict of interest for us with regard to the Clients.

While we are not aware of any relationships that represent a conflict of interest, because AlixPartners is a consulting firm that serves clients on a national basis in numerous cases, it is possible that AlixPartners may have rendered services to or have business associations with other entities which had or have relationships with the Clients. AlixPartners has not and will not represent the interests of any of these aforementioned entities in this case, involving the Clients.

### Section 6. Governing Law

This Agreement is governed by and construed in accordance with the laws of the State of Michigan with respect to contracts made and to be performed entirely therein and without regard to choice of law or principles thereof.

Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration. Each party shall appoint one non-neutral arbitrator. The two party arbitrators shall select a third arbitrator. However, if within thirty days after their appointment the two party arbitrators do not select a third arbitrator, the third arbitrator shall be selected by the American Arbitration Association (AAA). The arbitration shall be conducted under the AAA's Commercial Arbitration Rules, and the arbitrators shall issue a reasoned award. The arbitrators may award costs and attorneys' fees to the prevailing party. Judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The arbitration shall be heard in Southfield, Michigan.

### Section 7. Termination and Survival.

The Agreement may be terminated at any time by written notice by one party to the other; provided, however, that notwithstanding such termination, AlixPartners will be entitled to any fees and expenses due under the provisions of the Agreement. Such

## ALIXPARTNERS, LLC
## GENERAL TERMS AND CONDITIONS

payment obligation shall inure to the benefit of any successor or assignee of AlixPartners.

Sections 1, 3, 6, 7 and 8 shall survive the expiration or termination of the Agreement.

**Section 8.   General.**

**Severability.**  If any portion of the Agreement shall be determined to be invalid or unenforceable, we each agree that the remainder shall be valid and enforceable to the maximum extent possible.

**Limit of Liability.**  In no event will AlixPartners be liable for incidental or consequential damages even if we have been advised of the possibility of such damages.  Our liability, whether in tort, contract, or otherwise, is limited to the amount of fees paid to us for our services on this engagement.

**Entire Agreement.**  The Terms and the attached Agreement contain the entire understanding of the parties relating to the services to be rendered by AlixPartners and may not be amended or modified in any respect except in writing signed by the parties. AlixPartners will not be responsible for performing any services not specifically described in this letter or in a subsequent writing signed by the parties.  If there is a conflict between these Terms and the Agreement, these Terms shall govern.

**Notices.**  All notices required or permitted to be delivered under this Agreement shall be sent, if to AlixPartners, to the address set forth in the Agreement, to the attention of Mr. Melvin R. Christiansen, or if to your Firms, to the name and address set forth in the Agreement, or to such other name or address as may be given in writing to the other party.   All notices under the Agreement shall be sufficient if delivered by facsimile or overnight mail. Any notice shall be deemed to be given only upon actual receipt.

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-----------------------------------------------------------x

ALIXPARTNERS, LLC,

                              Petitioner

vs.

RICHARD MARCONI

                              Respondent

-----------------------------------------------------------x

Case: 2:08-mc-50638
Judge: Edmunds, Nancy G
MJ: Majzoub, Mona K
Filed: 06-27-2008 At 10:34 AM
MISC: ALIXPARTNERS LLC V. MARCONI (
NH)

## MEMORANDUM OF LAW
## IN SUPPORT OF
## MOTION TO CONFIRM ARBITRATION AWARD

This memorandum is submitted on behalf of Petitioner, AlixPartners, LLC, in support of

its motion, pursuant to 9 U.S.C. § 9, to confirm an arbitration award. This motion should be

granted and the award confirmed into a judgment because the arbitration was in all respects

proper and the award is final and binding.

### *Statement of Facts*

On or about March 23, 2006, Petitioner and Respondent entered into an agreement which

provided that the parties would settle any dispute arising out of the agreement by arbitration

according to Commercial Arbitration Rules of the American Arbitration Association.

### *Procedural Background*

On or about [date] Petitioner filed an arbitration claim with the American Arbitration

Association claiming $398,913.87 in damages due from Respondent, plus interest, costs and

attorneys fees. On June 26, 2008 the arbitrators issued Petitioner an award of $454,531.38, plus

interest at the judgment rate allowed under Michigan law from the date of filing of the

claim in the arbitration to the payment of the judgment. Petitioner now moves to confirm

this award.

*Explanation*

The Federal Arbitration Act, 9 U.S.C. § 9, provides that "within one year after the award

is made any party to the arbitration may apply to the court so specified for an order confirming

the award, and thereupon the court must grant such an order unless the award is vacated, odified,

or corrected." Accordingly, this court has the obligation to confirm Petitioner's arbitration award

into a judgment. *See Doctor's Assocs., Inc. v. Cassarotto*, 517 U.S. 681 (1996)(stating the

purpose of the Federal Arbitration Act is to ensure that private agreements to arbitrate are

enforced); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) ("[T]he basic purpose of

the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate.");

*Southland Corp. v. Keating*, 465 U.S. 1, 15–16 (1984) (holding the Federal Arbitration Act

preempts state law and state courts cannot apply state statutes that invalidate arbitration

agreements).

The standard of review of an arbitrator's decision by the court is very narrow. The scope

of review is limited, and the court may not examine the merits of the decision except to the extent

that the award exceeds the agreement of the parties. *See Burchell v.Marsh*, 58 U.S. 344, 349

(1854) (stating the appropriate scope of judicial review is whether the award is the honest

decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will

not otherwise set aside an award for error). *See alsoD.H. Blair & Co. v. Gottdiener*, 462 F.3d 95,

110 (2d Cir. 2006)(quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984))

("Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes

what is already a final arbitration award a judgment of the court'. . . ."); *Coast Trading Co.v.*

*Pacific Molasses Co.*, 681 F.2d 1195, 1197–98 (9th Cir. 1982). Here, the arbitrators, having considered the pleadings and other evidence presented at the hearing, determined that Respondent was liable to Petitioner. There are no grounds for vacating, modifying, or correcting an arbitration award enumerated in 9 U.S.C. §§10–11 which exist, and Respondent has not made any motion to vacate, modify, or correct the award.

### Conclusion

Petitioner respectfully requests an order confirming an arbitration award into a judgment in the amount of $454,531.38, plus interest at the judgment rate allowed under Michigan law from the date of filing of the claim in the arbitration to the payment of the judgment, for Petitioner AlixPartners, LLC and against Respondent.

Respectfully submitted

Dated: June 27, 2008

SHELDON S. TOLL PLLC

By:_____ s/ S.S. Toll _____
    Sheldon S. Toll (P21490)
Attorneys for Petitioner
2000 Town Center, Suite 2100
Southfield, MI  48075
Tel.  (248) 351-5480
E-mail LawToll@comcast.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------------x

ALIXPARTNERS, LLC,

                       Petitioner

vs.

RICHARD MARCONI

                       Respondent

-------------------------------------------------------------x

Case: 2:08-mc-50638
Judge: Edmunds, Nancy G
MJ: Majzoub, Mona K
Filed: 06-27-2008 At 10:34 AM
MISC: ALIXPARTNERS LLC V. MARCONI ( NH)

## NOTICE OF FILING OF MOTION TO CONFIRM ARBITRATION AWARD

Notice is hereby given that AlixPartners, LLC ("APLLC"), by and through its attorneys, has this day filed a motion to confirm arbitration award (the "Application") pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

You are required to file an objection, if any, in accordance with applicable law. At the same time, you must also serve a copy of the response on APLLC's undersigned counsel.

Dated: June 27, 2008

**SHELDON S. TOLL PLLC**
Attorneys for AlixPartners, LLC

By:___ **/s/ Sheldon S. Toll**
       Sheldon S. Toll (P-21490)
       2000 Town Center, Suite 2100
       Southfield, MI  48075
       Tel.  (248) 351-5480
       E-mail LawToll@comcast.net

**CIVIL COVER SHEET** County in which this action arose ___Oakland___

(04) civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS** Alix Partners, LLC

**DEFENDANTS** Richard Marconi

(b) County of Residence of First Listed Plaintiff ___Oakland___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___Orange CA___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Case: 2:08-mc-50638
Judge: Edmunds, Nancy G
MJ: Majzoub, Mona K
Filed: 06-27-2008 At 10:34 AM
MISC: ALIXPARTNERS LLC V. MARCONI ( NH)

☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

☐ 820 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Arbitration Act
Brief description of cause:
Confirm award

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 450,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6-27-08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?       ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.       Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)       ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :